United States Courts
Southern District of Texas
ENTERED

AUG 0 8 2006

Michael N. Milby, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE | )<br>)<br>) |
| BEN J. SMITH, | ) CASE NO. 86-11740-H3-7<br>) |
| Debtor, | )<br>) |
| BEN J. SMITH, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) ADV. NO. 05-3661<br>) |
| HENRY V. RADOFF, ET AL., | )<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION

The court has previously granted dismissal, by order entered June 28, 2006, of claims as to Social Security, abuse of process, and tortious interference, pursuant to Rule 12(b)(1), Fed. R. Civ. P., as made applicable by Bankruptcy Rule 7012. (Docket No. 47). The court has now considered the remaining motions for summary judgment filed in the instant adversary proceeding, whether denominated as motions for summary judgment or as motions to dismiss. These include the motions and

responses at Docket Nos. 7, 12, 14, 27, 40, 53, 54, 55, and 57.[1] The court has also considered the "Emergency Motion for Continuance of Trial Setting" (Docket No. 64) filed by Pratt & Malone, P.C. and Jonathan Malone. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Ben J. Smith ("Debtor" or "Plaintiff") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 19, 1986.

Prior to the filing of the petition in the instant case, Moffitt Oil Co. filed suit against Debtor, in the County Civil Court at Law No. 2 of Harris County, Texas, against Debtor (the "State Court Case"). Moffitt Oil Co. obtained judgment against Debtor, which was entered on November 21, 1986.

Debtor's counsel in the state court case filed a letter with the state court, stating that Debtor had filed a petition under Chapter 7 of the Bankruptcy Code on December 19, 1986.

---

[1] These do not include the motions and responses as to claims against Sunlight Investment Corp., Andy Hansen, and Oldmoc, Inc., in light of Plaintiff's dismissal of such claims.

Debtor's discharge was entered in Case No. 86-11740-H3-7 on May 26, 1987.

On September 4, 2003, Sunlight Investment Corp., which had acquired assets from Moffitt Oil Co., sought appointment of a receiver, in the State Court Case. In seeking appointment of a receiver, Sunlight Investment Corp. was represented by defendant Jonathan Malone, an attorney with defendant Pratt & Malone, P.C.

On the same date, the state court entered an order purporting to appoint Henry V. Radoff as a receiver with power to take possession of and sell all non-exempt property of Debtor.

On the same date, Radoff withdrew $44,475.79 from Debtor's account at Sterling Bank.

In the instant adversary proceeding, Debtor seeks a finding of contempt, compensatory damages, punitive damages, attorney fees, prejudgment interest, postjudgment interest, and costs of court.

In the instant motions, Debtor seeks summary judgment on all the matters asserted in the complaint. Radoff seeks summary judgment determining that he has absolute immunity. Malone and Pratt & Malone, P.C. seek summary judgment determining that Plaintiff lacks a remedy other than contempt, and seeks summary judgment denying contempt relief on grounds of Plaintiff's asserted inability to prove contempt.

## Conclusions of Law

A discharge entered in a Chapter 7 case voids any judgment, at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to a discharged debt. 11 U.S.C. § 524(a)(1).

The discharge is self-executing. In re Dalton, 183 B.R. 127 (Bankr. S.D. Tex. 1995). Where a claim arises pre-petition, a state court action post-discharge to recover on such claim is void. In re Egleston, 448 F.3d 803 (5th Cir. 2006). See also In re Munoz, 287 B.R. 546 (9th Cir. BAP 2002); In re Pavelich, 229 B.R. 777 (9th Cir. BAP 1999).

Under Texas law, a void judgment is a nullity. Easterline v. Bean, 49 S.W.2d 427 (Tex. 1932).

In the instant case, the September 4, 2003 order entered in the State Court Case purporting to direct turnover and appoint a receiver sought collection of a void judgment. As a result, it is void, and the remaining defendants who received Debtor's funds as a result must return those funds to Debtor.

This ruling disposes of all remaining issues, except the asserted contempt. Plaintiff contends that Defendants' filings in the instant adversary proceeding demonstrate contempt, as a matter of law. Malone and Pratt & Malone P.C. contend that Debtor cannot produce evidence to support a finding of contempt. Radoff contends that there is a genuine issue of material fact as

to the conduct of the parties, and whether such conduct was in contempt of the discharge.  The court has reviewed the summary judgment evidence, and determined that a genuine issue of material fact is presented.  Accordingly, summary judgment is denied as to contempt.

    Based on the foregoing, a separate Judgment will be entered.

    Signed at Houston, Texas on this \_\_\_8\_\_\_ day of \_\_\_\_Aug\_\_\_\_, 2006.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE