IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| BEN J. SMITH, | ) | CASE NO. 86-11740-H3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| BEN J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV. NO. 05-3661 |
| | ) | |
| HENRY V. RADOFF, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

In 2003, funds were taken from the bank account of the
Debtor in the above captioned Chapter 7 case by a state court-
appointed receiver, appointed to collect a claim allegedly owed
to a creditor.  The claim had been discharged in the Debtor's
Chapter 7 case, in 1987.  The court has previously dismissed the
Plaintiff's causes of action as to Social Security, abuse of
process, and tortious interference, pursuant to Rule 12(b)(1),
Fed. R. Civ. P., as made applicable by Bankruptcy Rule 7012.
(Docket No. 47).  The Debtor has reached a settlement with
defendants Andy Hansen, Sunlight Investment Corp., and Oldmoc,
Inc., and has dismissed his claims against them.  (Docket No.
70).  The court has previously granted summary judgment requiring
that those remaining defendants who received Debtor's funds turn
over those funds to Debtor, and determined that the only issue

remaining for trial was whether those defendants remaining (Henry V. Radoff, Jonathan Malone, and Pratt & Malone, P.C.) were in contempt of court.  The court has held a trial on this issue. The following are the Findings of Fact and Conclusions of Law of the court.  A separate interlocutory Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Ben J. Smith ("Debtor" or "Plaintiff") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 19, 1986.

Prior to the filing of the petition in the instant case, Moffitt Oil Co. had filed suit against Debtor, in the County Civil Court at Law No. 2 of Harris County, Texas, against Debtor (the "State Court Case").  Moffitt Oil Co. obtained judgment against Debtor, which was entered on November 21, 1986.

Debtor's counsel in the state court case filed a letter with the state court, stating that Debtor had filed a petition under Chapter 7 of the Bankruptcy Code on December 19, 1986.

Plaintiff's discharge was entered in Case No. 86-11740-H3-7 on May 26, 1987.

2

On September 4, 2003, Sunlight Investment Corp., which had acquired assets from Moffitt Oil Co., sought appointment of a receiver, in the State Court Case.  In seeking appointment of a receiver, Sunlight Investment Corp. was represented by defendant Jonathan Malone, an attorney with defendant Pratt & Malone, P.C.

On September 4, 2003, the state court entered an order purporting to appoint Henry V. Radoff as a receiver with power to take possession of and sell all non-exempt property of Debtor.

On the same date, Radoff withdrew $44,475.79 from Plaintiff's account at Sterling Bank.

Radoff testified that, on September 4, 2003, a person he believed to be the Plaintiff (but who now appears to have been someone other than the Plaintiff) came to his office, and offered a settlement in which Radoff would distribute the funds already received, the receivership would be closed, and no further funds would be collected from Plaintiff.  He testified that he contacted Malone.  Malone testified that he received Radoff's telephone call, and, having authority to settle on behalf of his client, agreed to the settlement offer described by Radoff.

Plaintiff testified that he made no offer to pay anything on the debt, because the debt had been discharged.

Radoff testified that, if he had been aware of the Plaintiff's discharge in bankruptcy, he would have terminated the receivership immediately.  This testimony was credible.

3

Malone testified that, prior to seeking the appointment of a receiver, he reviewed Plaintiff's credit report, and checked the court's automated bankruptcy records, but was unable to find any indication of Plaintiff's having filed a Chapter 7 case.  He testified that, if he had been aware of the filing, he would not have worked on the file or sought appointment of a receiver. This testimony was credible.

Radoff testified that he has returned to Plaintiff the portion of the funds he received.  Malone testified that he and Pratt & Malone P.C. have returned to Plaintiff the portion of the funds they received.

On June 6, 2006, Pratt & Malone, P.C. made an offer of judgment, proposing to pay Plaintiff the $17,270.13 it had received, plus interest, costs, and reasonable attorney fees. (Docket No. 31).  On June 13, 2006, Radoff made an offer of judgment, proposing to pay Plaintiff the $11,500 he had received, plus interest, costs, and reasonable attorney fees.  (Docket No. 37).

Notwithstanding the fact that the remaining defendants offered judgment to make Plaintiff whole for the funds removed from his account, counsel for Plaintiff refused the offers of judgment, and continues to assert a cause of action for contempt.

Corwin Teltschik, one of Plaintiff's attorneys, testified that the firm has a contingent fee agreement with

4

Plaintiff, in which 40 percent of any recovery for Plaintiff would be payable to the law firm.

Plaintiff's attorneys presented their time records. The records reflect 199.91 hours of time, for which counsel asserts a reasonable attorney fee is $71,357.50 in fees, plus $3,011.11 in expenses.

<u>Conclusions of Law</u>

A bankruptcy discharge is self-executing.  <u>In re Dalton</u>, 183 B.R. 127 (Bankr. S.D. Tex. 1995).  Where a claim arises pre-petition, a state court action post-discharge to recover on such claim is void.  <u>In re Egleston</u>, 448 F.3d 803 (5th Cir. 2006).  <u>See also In re Munoz</u>, 287 B.R. 546 (9th Cir. BAP 2002); <u>In re Pavelich</u>, 229 B.R. 777 (9th Cir. BAP 1999).

In the instant case, despite Plaintiff's refusal of the offers of judgment, the court has previously granted in part Plaintiff's motion for summary judgment, requiring that the Defendants return to Plaintiff the funds they received from Plaintiff's account.  The court has not addressed whether such return of funds makes Plaintiff whole.  In addition to the funds received from Plaintiff's account (which funds the evidence reflects have already been repaid to Plaintiff) Defendants must pay interest from September 4, 2003 through the date on which the funds were repaid to Plaintiff, at a rate of 5.02% per annum. Thus, Pratt & Malone, P.C. owes interest of $2,564.47, and Radoff

owes interest of $1,707.65.

In addition, Defendants must pay the reasonable fees of Plaintiff's attorneys.  The court finds reasonable fees to be $12,000, in light of the amount in controversy, and the failure of Plaintiff's counsel to mitigate potential damage.  The court notes, _inter alia_, that from Plaintiff's counsel's first phone calls to Defendants, large attorney fees were implied (a contingent fee contract of 40 percent was in place) and notes that all Defendants credibly testified they understood the significance of a bankruptcy discharge, and would have acted promptly to make Plaintiff whole upon proof the case existed; the parties testified it had been difficult to locate proof the case existed due to the age of the case and the commonly-occuring surname of Plaintiff.  The court finds costs of $3,011.11 to be reasonable.  These fees and costs are to be apportioned in the ratio which the funds received by the respective defendants bear to the total removed from Plaintiff's account.  Thus, Pratt & Malone, P.C., which received $17,270.13 of the $44,475.79 removed from Plaintiff's account, owes as an element of damages for attorney fees and costs $5,828.88, and Radoff, who received $11,500 of the $44,475.79 removed from Plaintiff's account, owes as an element of damages for attorney fees and costs $3,881.39.

Under Rule 68, Fed. R. Civ. P., as made applicable by Rule 7068, Fed. R. Bankr. P., the court concludes that the

judgment Plaintiff is obtaining is not more favorable than the offers of judgment made by the defendants. Accordingly, the offeree must pay the costs incurred by the offerors after the making of the offer. In order to determine these costs, Pratt & Malone, P.C. shall, on or before October 5, 2006, file a bill of costs incurred after June 6, 2006, and Radoff shall, on or before October 5, 2006, file a bill of costs incurred after June 13, 2006. Debtor shall file any objections to the bills on or before October 20, 2006.

Based on the foregoing, the court will enter a separate interlocutory judgment awarding the interest and attorney fees to Plaintiff. However, such fees shall not be collected until the court determines and sets off the costs as a result of the offers of judgment.

Signed at Houston, Texas on September 20, 2006.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE